This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**No. A-1-CA-37988**

**STATE OF NEW MEXICO,**

     Plaintiff-Appellee,

v.

**JOSE ENRIQUES a/k/a JOSE C. ENRIQUES a/k/a JOSE S. ENRIQUES a/k/a JOSE ENRIQUEZ a/k/a JOSE CESAR ENRIQUEZ a/k/a JOSE S. ENRIQUEZ,**

     Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF ROOSEVELT COUNTY**
**Donna Mowrer, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Allison H. Jaramillo, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**VARGAS, Judge.**

**{1}** Defendant appeals from the district court's judgment and sentence, entered pursuant to a jury's verdict, finding Defendant guilty of trafficking a controlled substance and conspiracy. Unpersuaded by Defendant's docketing statement, we issued a notice of proposed summary disposition, proposing to affirm his convictions. We also noted

what appears to a clerical error in the judgment and sentence, suggesting that Defendant was convicted of two counts of trafficking a controlled substance, instead of one count of trafficking a controlled substance and one count of conspiracy to traffic, and we proposed to remand for correction of the judgment and sentence. In response to our notice, Defendant filed a combined memorandum in opposition and a motion to amend the docketing statement. Unpersuaded by both, we deny the motion to amend, affirm Defendant's convictions, and remand for correction of the judgment and sentence.

**Motion to Amend**

**{2}**     Defendant moves to amend the docketing statement to add a contention that the district court's refusal to force the confidential informant (CI) to answer defense counsel's questions violated Defendant's right to confrontation. [DS 1, 6-13] In cases assigned to the summary calendar, this Court will grant a motion to amend the docketing statement to include additional issues if the motion (1) is timely, (2) states all facts material to a consideration of the new issues sought to be raised, (3) explains how the issues were properly preserved or why they may be raised for the first time on appeal, (4) demonstrates just cause by explaining why the issues were not originally raised in the docketing statement, and (5) complies in other respects with the appellate rules. *See State v. Rael*,  1983-NMCA-081, ¶¶ 7-8, 10-11, 14-17, 100 N.M. 193, 668 P.2d 309. This Court will deny motions to amend that raise issues that are not viable, even if they allege fundamental or jurisdictional error. *See State v. Moore*, 1989-NMCA-073, ¶¶ 36-51, 109 N.M. 119, 782 P.2d 91, *superceded by rule on other grounds as recognized in State v. Salgado*, 1991-NMCA-044, 112 N.M. 537, 817 P.2d 730.

**{3}**     Defendant asserts that the CI refused to answer questions related to his compensation, including whether he had been paid for his testimony at trial, and the district court refused to force to the CI to respond. [MIO 1] Contrary to Defendant's obligation, the motion to amend does not state defense counsel's specific objection or the district court's ruling. Also, the record does not fully support these assertions. The tape log suggests the CI testified he was paid by agents, and that they do not put a price tag on individual expenses he may incur or particular information he may gather. [1 RP 225] The CI stated that he did not discuss such payment details with agents, explaining that "they just pay me"; it is all "part of my job, part of what I have to do." [1 RP 225] The record does not indicate that defense counsel objected on confrontation or any other grounds; nor does it indicate that defense counsel asked for any relief from the district court when the CI initially responded that he does not discuss anything regarding his compensation. [1 RP 225] It appears the CI then admitted that being a CI is his job and he gets compensated for it. [1 RP 225]

**{4}**     To the extent Defendant's motion to amend suggests there is some indication the CI may have received more money for testifying in court, which could result in a due process violation, [MIO 9-10] Defendant does not explain what might support any of this speculation, and the record does not appear to substantiate such assertions. *Cf. In re Ernesto M., Jr.*, 1996-NMCA-039, ¶ 10, 121 N.M. 562,  915 P.2d 318 ("An assertion of

prejudice is not a showing of prejudice."). Because Defendant does not provide all the information needed to address this matter, does not appear to have preserved any objection, and does not appear to have developed a record that would warrant the contentions made on appeal, we deny the motion to amend.

**Remaining Issues on Appeal**

**{5}** Defendant continues to argue that he was denied the effective assistance of counsel when his attorney withdrew the line of questioning of the CI into his compensation from the State for his work on the case. [MIO 13-14] Again, Defendant does not demonstrate deficient performance or prejudice. Our examination of the tape log reveals that a supervisor of the drug task force team testified as to what the CI did for law enforcement and how he is compensated for his work. [1 RP 216-17] The tape log also indicates the CI testified that he is paid for his work and that he does not discuss details of his compensation with agents. [1 RP 225] Neither Defendant nor the record demonstrate why withdrawing the line of questioning of the CI constituted deficient performance that prejudiced the defense. *See State v. Astorga*, 2015-NMSC-007, ¶ 17, 343 P.3d 1245 ("To establish ineffective assistance of counsel, a defendant must show: (1) counsel's performance was deficient, and (2) the deficient performance prejudiced the defense." (internal quotation marks and citation omitted)); *State v. Dylan J.*, 2009-NMCA-027, ¶ 38, 145 N.M.719, 204 P.3d 44 (stating that a defense is prejudiced if, as a result of the deficient performance, "there was a reasonable probability that the result of the trial would have been different." (omission, internal quotation marks, and citation omitted)); *State v. Jacobs*, 2000-NMSC-026, ¶ 49, 129 N.M. 448, 10 P.3d 127 ("An attorney's decision to object to testimony or other evidence is a matter of trial tactics.").

**{6}** Defendant also continues to argue that the evidence was insufficient to support his convictions. [MIO 16-22] Defendant contends the evidence indicates that he was a mere passenger and does not establish knowledge and control of the drugs or a conspiracy. [MIO 20-22] We disagree. In addition to all the circumstantial evidence detailed in our notice, [CN 7-12] the tape log indicates the CI testified that Defendant discussed the drug transaction and negotiated the amount of methamphetamine Defendant brought for sale and the price of it with the CI. [1 RP 222-23] The CI also testified that Anna Baltazar, who made the drug deal with the CI, introduced the CI to Defendant. [1 RP 224] We often repeat, "[a]s a general rule, the testimony of a single witness is sufficient evidence for a conviction." *State v. Soliz*, 1969-NMCA-043, ¶ 8, 80 N.M. 297, 454 P.2d 779. Defendant does not persuade us the evidence was insufficient.

**{7}** Lastly, Defendant maintains that his confrontation right was violated by the admission of surrogate lab analyst testimony. [MIO 22-23] Consistent with his obligation on appeal, Defendant explains that the lab analyst who tested the substances did not testify; rather, she provided raw data from testing. [MIO 23] The memorandum in opposition further explains that the lab analyst who testified reached his own, independent conclusion based on the raw data provided. [MIO 23] As indicated in our notice, this does not give rise to a violation of either the Confrontation Clause or Rule

11-703 NMRA. [CN 3-4] *See State v. Huettl*, 2013-NMCA-038, ¶¶ 33, 39, 305 P.3d 956. Because Defendant has not distinguished our holding in *Huettl*, we affirm the admission of the raw data and the lab analyst's testimony.

**{8}** For the reasons set forth in our notice and in this opinion, we affirm Defendant's convictions. We remand only for correction of the judgment and sentence to reflect that Defendant was convicted for one count of trafficking a controlled substance and one count of conspiracy to traffic a controlled substance.

**{9}    IT IS SO ORDERED.**

**JULIE J. VARGAS, Judge**

**WE CONCUR:**

**J. MILES HANISEE, Chief Judge**

**MEGAN P. DUFFY, Judge**